David L. Cheng (SBN 240926)
  dcheng@fordharrison.com
Joseph C. Egbule (SBN 333191)
  jegbule@fordharrison.com
FORD & HARRISON, LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.;
and RENAISSANCE HOTEL
OPERATING COMPANY, erroneously
sued as RENAISSANCE HOTEL
OPERATING COMPANY dba
RENAISSANCE ESMERALDA RESORT
& SPA INDIAN WELLS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ANA FRANCISCA GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., A Delaware corporation; RENAISSANCE HOTEL OPERATING COMPANY DBA RENAISSANCE ESMERALDA RESORT & SPA INDIAN WELLS, a Delaware corporation; and DOES 1 THROUGH 20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-3086<br><br>Removed from Riverside County Superior Court Case No. CVPS2401357<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Complaint Filed:  March 7, 2024<br>Removed On:    April 15, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE** that Renaissance Hotel Operating Company ("RHOC"), erroneously sued as Renaissance Hotel Operating Company dba Renaissance Esmeralda Resort & Spa Indian Wells, and Marriott International, Inc.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

("MI"), (collectively, "Defendants"), without waiving any of their rights, including but not limited to their right to challenge personal jurisdiction, hereby removes the above-entitled action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1441(b), and 1446, based on the following facts:

**PLEADINGS AND PROCESS, AND ORDERS**

1.     Plaintiff Ana Francisca Garcia ("Plaintiff") commenced a civil action in the Superior Court of the State of California, County of Riverside, by filing a Complaint on March 6, 2024, against Defendants, and Does 1 through 20 (Case No. CVPS2401357 ["Complaint"]).

2.     In the Complaint, Plaintiff pled seven claims for relief: (1) Disability Discrimination in violation of the California Fair Employment & Housing Act ("FEHA"); (2) Retaliation in violation of FEHA; (3) Failure to Prevent Discrimination and Retaliation in violation of FEHA; (4) Failure to Provide Reasonable Accommodation in violation of FEHA; (5) Failure to Engage in a Good Faith Interactive Process in violation of FEHA; (6) Declaratory Judgment; and (7) Wrongful Termination in Violation of Public Policy.

3.     On or around March 14, 2024, Plaintiff served Defendants with a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and Notice of Case Management Conference.  True and correct copies of the case initiating documents are attached as **Exhibit A** to the Declaration of David L. Cheng in Support of Defendant's Notice of Removal ("Cheng Decl."), filed concurrently herewith.

4.     True and correct copies of two proofs of personal service, filed by Plaintiff on March 14, 2024, are attached as **Exhibit B** to the Cheng Decl.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

5.      A true and correct copy of Defendants' Answer to Plaintiff's Complaint, filed with the state court on April 12, 2024, is attached to the Cheng Decl., as **Exhibit C**.

6.      Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process and pleadings served on or received by Defendants in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Los Angeles County or served by any party. (Cheng Decl. ¶ 6).

**TIMELINESS OF REMOVAL**

7.      This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after March 14, 2024, the date on which Defendants were served with the Complaint.  *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law.  *See id.*  Here, the last day for removal falls on April 15, 2024, accounting for weekends and holidays.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011); *Commercial Computer Services v. Datapoint Corp*. 641 F.Supp. 1579, 1581 (M.D. La. 1986) (30-day period extended where last day following service is Saturday). Accordingly, this Notice of Removal is timely.

**VENUE**

8.      The United States District Court for the Central District of California, Eastern Division, is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of Riverside. 28 U.S.C. § 84(c)(2).

**JURISDICTION**

9.      A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

costs, and is between … citizens of a [s]tate and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subjection of an action between citizens of a [s]tate and citizens or subject of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same [s]tate." 28 U.S.C. §1332(a)(2).

10. "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a). Therefore, a state court action may be removed if: (1) the action is between citizens of states, on the one hand, and a citizen or subject of a foreign state who, if they are a lawful permanent residence, are not domiciled in the same states as the opposing side, on the other hand, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements are met in this case.

**Complete Diversity of Citizenship**

11. Citizenship of Plaintiff. A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Nonetheless, "[i]t is a longstanding principle that the place where a person lives is taken to be his domicile until facts adduced establish the contrary." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (internal citations omitted).

12. Here, based on Renaissance's employment records for Plaintiff, Defendants are informed and believe that Plaintiff is a citizen of the United States and the State of California and domiciled in California.

13. Citizenship of Defendants. The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "[A] corporation shall be deemed to be a citizen of

any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

a.    RHOC is a corporation that is incorporated in and exists under the laws of the State of Delaware, with its principal place of business in the State of Maryland. Accordingly, RHOC is a citizen of the States of Delaware and Maryland for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

b.    MI is a corporation that is incorporated in and exists under the laws of the State of Delaware, with its principal place of business in the State of Maryland. Accordingly, MI is a citizen of the States of Delaware and Maryland for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

14.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

15.    Here, diversity of citizenship is met because Plaintiff is a citizen of in the State of California, while Defendants are citizens of Delaware and Maryland. Therefore, the diversity requirement is fully satisfied.

**Amount in Controversy Exceeds $75,000**

16.    A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens¸* S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011).[1]  Here, the Court can reasonably ascertain from Plaintiff's complaint and his prayer for relief that the amount in controversy exceeds $75,000. The assertions of Defendants herein are limited to their preliminary understanding of Plaintiff's claims and data currently available to Defendants.  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, F.R.D., 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted). Nor does a defendant need to provide summary judgment-type evidence.  *Cagle*, 2014 WL 651923, *7.

17.     While Defendants deny any liability to Plaintiff whatsoever, Defendants assert, based on the allegations in the Complaint and remedies sought, that the amount in controversy exceeds $75,000.

18.     As a preliminary matter, MI did not employ Plaintiff.  Only RHOC employed Plaintiff.

19.     **For compensatory damages**, Plaintiff is seeking her claimed "lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on those amounts."  Compl. ¶ 18.

---

[1]     The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Dart Cherokee¸* 135 S. Ct. at 554.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff further alleges she was terminated "on or about August 24, 2023" and that she was 63 years old at the time of termination. Compl. ¶ 6. Renaissance's pay records of Plaintiff show that she worked approximately 40 hours per week, and, that at the time of his termination, Plaintiff had an hourly rate of $18.25. That means Plaintiff is claiming approximately $730.00 ($18.25 x 40 hours) in weekly income.

20. Here, Plaintiff was terminated on August 24, 2023, and the removal notice is to be submitted on April 15, 2024, which makes the time between 33 weeks. Plaintiff's projected lost wages are **$24,090.00** ($730.00 x 33 weeks). Estimated through trial, Plaintiff's projected lost wages are even higher.

21. **Plaintiff also seeks general damages**, which includes her alleged "mental pain and anguish and emotional distress ...." Compl. ¶ 18; These potential damages are properly factored into the jurisdictional analysis for removal purposes. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (indicating that a plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S. D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).

22. Plaintiff has not specifically provided an estimated value for emotional distress. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Jury verdicts in employment discrimination cases make clear that emotional distress is frequently awarded in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as economic damages. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Escoto v. Metric Machining*, 2013 WL 9554716, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful

termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages); *Perona v. Time Warner Cable, Inc.*, 2016 WL 6440427, Case No. 5:14CV02501, Central District of California (Sept. 8, 2016) (verdict in disability discrimination and failure to accommodate case for $80,000 in "noneconomic damages," and $80,000 in economic damages).  Here, it is reasonable for Defendants, assuming Plaintiff could recover non-economic damages in connection with her claims, to include at least **$24,090.00** as the amount at issue as to Plaintiff's alleged mental pain and anguish and emotional distress, given Plaintiff's estimated lost wages damages.  *See Perona v. Time Warner Cable, Inc.*, 2016 WL 6440427, Case No. 5:14CV02501, Central District of California (Sept. 8, 2016) (verdict in disability discrimination and failure to accommodate case for $80,000 in "noneconomic damages," and $80,000 in economic damages).

23.    Plaintiff is also seeking to recover her attorneys' fees and costs pursuant to California Government Code § 12965, Compl. ¶¶ 42, 53, 58, 65, 72; Compl. Prayer for Relief ¶4.  It is well-settled that when authorized by statute, attorneys' fees are to

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). Further, while Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

24.    Recent estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted). As such, 100 hours is an appropriate and conservative estimate. *Ibid.*

25.    Moreover, the Court in *Sasso* and others have held that a reasonable rate for employment cases is $300 per hour. *Ibid.* Taking the conservative estimate of 100 hours in *Sasso*, the total amount of fees (at an hourly rate of $300) is approximately $**30,000.00**. This further adds to Plaintiff's lost wages claim. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. August 8, 2018) (stating that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met).

26.    The Court must take into account **punitive damages** for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

27.    Here, assuming a conservative one-to-one ratio of punitive damages to Plaintiff's alleged lost wages, a reasonable estimate of Plaintiff's punitive damages is, therefore, approximately **$24,090.00**, if lost wages are calculated from the time of removal. *See Guillen*, 2018 WL 1183354, 2018 U.S. Dist. LEXIS 38458, *13 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) ("District courts within the Ninth Circuit have described a 1:1 ratio of punitive damages to compensatory damages as "conservative" for purposes of assessing the amount in controversy requirement").

28.    Plaintiff also seeks open-ended relief as "any other relief that is just and proper." Compl. Prayer ¶ . Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

29.    Defendants deny that Plaintiff's claims have any merit or that she has suffered damages. However, when the relief sought (*i.e.*, emotional distress, back pay, loss of employment benefits, punitive damages, attorneys' fees and costs, and such other relief as the court finds proper) is taken as a whole, the amount in controversy for Plaintiff's claims readily exceeds the $75,000 jurisdiction

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

requirement, exclusive of interest and costs. Compl. Prayer ¶¶ 1-6. Using the aforementioned methodology, which is a conservative estimate as Defendants could have estimated the amount in controversy through the date of judgment, the amount in controversy claimed by Plaintiff is at least **$102,270.00**. This aggregate potential liability is broken down as follows:

| AMOUNT IN CONTROVERSY | |
| --- | --- |
| Lost Wages | $24,090.00 |
| Non-Economic Damages/Emotional Distress | $24,090.00 |
| Punitive Damages | $24,090.00 |
| Attorney's Fees | $30,000.00 |
| **TOTAL\*** | **$102,270.00** |

30. The aforementioned estimated amount in controversy *excludes* any potential award for future pay, benefits, bonuses, commissions, and loss or diminution of earning capacity, which would further increase the amount in controversy. Compl. ¶ 29; Compl. Prayer ¶¶ 1, 6.

31. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**NOTICE OF REMOVAL**

32. DEFENDANTS' NOTICE TO ALL PARTIES AND STATE COURT OF REMOVAL OF CIVIL ACTION has been filed contemporaneously with the Clerk of the Superior Court of the State of California, County of Riverside. (Cheng Decl. ¶ 7.)

33. By removing the action to this Court, Defendants do not waive any of their rights, defenses, objections, or motions available to them under state or federal law.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

34.   WHEREFORE, Defendants respectfully request that this Court remove this civil action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, Eastern Division.

Dated:   April 15, 2024

Respectfully Submitted,
FORD & HARRISON, LLP


By:   */s/* David L. Cheng
David L. Cheng, Esq.
Joseph C. Egbule, Esq.

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.;
and RENAISSANCE HOTEL
OPERATING COMPANY, erroneously
sued as RENAISSANCE HOTEL
OPERATING COMPANY dba
RENAISSANCE ESMERALDA
RESORT & SPA INDIAN WELLS

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

UNITED STATES OF AMERICA

*Ana Franscisca Garcia, et al. vs. Marriott International, Inc., et al.*
United States District Court, Central District of California Case No. 2:24-cv-3086
Removed from Riverside County Superior Court Case No. CVPS2401357

I am employed in the County of Los Angeles, State of California, United States of America. I am over the age of 18 and not a party to the within entitled action; my business address is Ford & Harrison, LLP, 350 South Grand Avenue, Suite 2300, Los Angeles, CA 90071. On the date indicated below I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

on the interested parties in this action as follows:

Ramin R. Younessi, Esq.                    Attorneys for Plaintiff
LAW OFFICES OF RAMIN R. YOUNESSI           ANA FRANCISCA
A PROFESSIONAL LAW CORPORATION             GARCIA
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile:  (213) 480-6201

☐ **BY U.S. MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing indicated in the affidavit.

☐ **BY FACSIMILE:** I faxed said document to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

☒ **BY OVERNIGHT DELIVERY:** I deposited such envelope(s) for collection and delivery by FedEx with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by FedEx. They are deposited with a facility regularly maintained by FedEx for receipt on the same day in the ordinary course of business.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by a process server employed by Ace Attorney Service.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rgarcia@fordharrison.com to the persons at the e-mail address(es) listed in the Service List. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY DESIGNATED ELECTRONIC FILING SERVICE:** Pursuant to § 1010.6 of the Code of Civil Procedure, and Rule 2.253(b) of the California Rules of Court. I electronically filed the document(s) with Los Angeles Superior Court via Express Network, E-Filing Service Provider designated by the Court. I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of record by submitting an electronic version of the document(s) to Ace Attorney Service, through their electronic user interface located online at https://efile.acelegal.com/ca/?c=DME38.

☐ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of April, 2024, at Los Angeles, California.

_____
Rhoel Garcia

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:113216777.1 - 4/15/2024 4:07 PM CERTIFICATE OF SERVICE